UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case No. 1:12-22152-CIV-MORENO

AF HOLDINGS LLC,

        Plaintiff,

vs.

JOHN DOE,

        Defendant.
_____/

**PLAINTIFF'S MOTION FOR HEARING**

Plaintiff, AF Holdings, LLC, ("Plaintiff") by and through the undersigned counsel files this motion for hearing to address the Court's Order denying Plaintiff's Motion for Leave to take expedited discovery prior to the Rule 26 (f) Conference. (ECF 5). Alternatively, Plaintiff requests reconsideration or a ruling without a hearing because the case law in the Southern District of Florida strongly favors the Court granting Plaintiff's motion for expedited discovery.

**PROCEDURAL HISTORY**

Plaintiff filed its complaint against a single John Doe on June 7th, 2012 (ECF 1). This included its copyright application and assignment of rights for the work in question. Immediately thereafter, Plaintiff filed its motion for expedited discovery, memorandum of law and declaration and Comcast Cable's Subpoena Compliance Policy. (ECF 4). On June 19th, 2012, the Court denied Plaintiff's Motion for Leave to Take Discovery Prior to the Rule 26 (f) Conference. (ECF 5).

1

## LEGAL STANDARD

The Court has authority to grant Plaintiff's motion for expedited discovery for a variety of reasons. First, ex-parte relief is appropriate under the circumstances where there is no known defendant with whom to confer. *Dean v. Barber*, 951 F.2d 1201, 1215 (11th Cir. 1992). Plaintiff has good cause for expedited discovery because physical evidence of infringement may be destroyed with the passage of time and because this suit cannot proceed without John Doe's subscriber information. *Boy Racer, Inc. v. John Does 1-34,* (S.D. FLA. 2011-23035, ECF 6); *Boy Racer, Inc., v. John Doe*, (S.D. FLA. 2012-21099, ECF 7); *AF Holdings, LLC. v. John Doe*, (S.D. FLA. 2012-22155, ECF 5); *AF Holdings, LLC. v. John Doe*, (S.D. FLA. 2012-22148, ECF 7), (all granting motions for expedited discovery in the Southern District of Florida under the same circumstances).

Courts rely on a five factor *Sonny Music* test when evaluating a defendant's motion to quash subpoenas seeking personally identifying information (expedited discovery) from Internet Service Providers (ISPs) in cases involving content downloaded from the Internet via "peer to peer" technology. *Sony Music Entertainment, Inc. v. Does*, 1-40, 326 F. Supp 2d 556 (S.D.N.Y. 2004). The test requires the Court to weigh:

1. The concreteness of the plaintiff's showing of a prima facie claim of actionable harm.
2. The specificity of the discovery request.
3. The absence of alternative means to obtain the subpoenaed information.
4. The need for the subpoenaed information to advance the claim; and
5. The objecting party's expectation of privacy.

**DISCUSSION**

In a similar case, the Honorable Donald Graham applied the *Sony Music* test to Plaintiff's claim and determined that Plaintiff had established to the satisfaction of the Court that there are no alternative means available to identify the alleged infringer. *Boy Racer, Inc. v. John Doe*, 12-21099 (S.D. FLA. ECF 14). Pg 7); also citing *Raw Films, Ltd v. John Does 1-15*, 2012 WL 1019067 (E.D. Pa); and *In re BitTorrent Adult Film Copyright Infringement Cases*, 2012 WL1570765 (E.D.N.Y.).

Judge Graham wrote that granting a defendant's motion to quash Plaintiff's subpoena would mean that Plaintiff would have a right without a remedy. *Boy Racer, Inc. v. John Doe*, 12-21099 (S.D. FLA. ECF 14. Pg. 7). Judge Graham also stated that, "Plaintiff clearly needs identification of the putative John Doe in order to serve process on him/her and prosecute the claim." *Id*. Pg. 8.

Over concerns that the defendant may have an expectation of privacy that merits his subscriber information remain private, Judge Graham wrote that, "Defendant has little expectation of privacy in downloading and distributing copyrighted material without permission." *Id*. Pg. 9, citing *Sony Music*, 326 F. Supp. 2d at 566-67. In the end, Judge Graham granted Plaintiff's motion for expedited discovery and denied a defendant's motion for Protective Order and or to Quash and a Request for Evidentiary Hearing. *Boy Racer, Inc. v. John Doe*, 12-21099 (S.D. FLA. ECF 14. Pg.12).

Federal courts agree that the *Sony Music* test should be applied to cases such as the instant case, involving claims of copyright infringement via peer-to-peer filing technology. When applying the *Sony Music* test to this case, it is apparent that Plaintiff has no alternative means to identify the person stealing Plaintiff's copyrighted content and that Plaintiff should

have a legal remedy to its right to recover losses. Moreover, in the Southern District of Florida, several Judges, including Judge Graham, have written extensively about cases involving this Plaintiff and other Plaintiffs in the same circumstances. Judges in the Southern District have rejected attempts by John Does to quash and/or vacate subpoenas, motions to dismiss, to sever and motions for protective order, and their writings reflect the position that similar Plaintiffs and this Plaintiff has good cause for expedited discovery because (1) physical evidence of infringement may be destroyed due to the ISPs requirement to destroy IP logs within 180 days and (2) because this suit cannot proceed without the subscriber's non-privileged subscriber information, which he/she voluntarily shared with the ISP. [1] Granting the expedited discovery gives Plaintiff a legal remedy to its right to protect its copyrighted content. Denying expedited discovery naturally would deprive Plaintiff of its legal remedy to the same right.

## CONCLUSION

For the foregoing reasons, Plaintiff, AF Holdings, LLC., respectfully requests the Court issue a ruling granting Plaintiff's motion for expedited discovery without a hearing because the case law and companion courts in the Southern District have written extensively about this matter and agree that physical evidence of infringement will be destroyed and Plaintiff's lawsuit cannot proceed without the John Doe's subscriber information. Should the Court decide a hearing is appropriate, Plaintiff is eager to argue the merits of its motion for expedited discovery. Plaintiff requests the Court schedule a hearing or issue a ruling as soon as practicable.

---

[1] 12-cv-21099 (S.D. FLA. ECF 14), Judge Graham; 12-cv-20921(S.D. FLA, ECF 27), Judge O'Sullivan; 11-cv-23036 (S.D. FLA. ECF 27), Judge Scola; 11-cv-23035 (S.D. FLA. ECF 59 & 60), Judge Goodman.

                                              Respectfully submitted,

                                              AF Holdings, LLC.

DATED: July 9, 2012

                                              By:/s/ Joseph Perea
                                              Joseph Perea (Bar No. 47782)
                                              Joseph Perea, P.A.
                                              9100 S. Dadeland Blvd, Suite 1500
                                              Miami, Florida 33156
                                              Tel: 305-934-6215
                                              Fax: 305-396-8752
                                              E-mail: Joperea@perealawfirm.com
                                              *Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

     The undersigned hereby certifies that on July 9, 2012, all counsel of record who are deemed to have consented to electronic service are being served a true and correct copy of the foregoing document using the Court's CM/ECF system.

                                                               /s/ Joseph Perea
                                                             JOSEPH PEREA